IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES

V.                                         IND. 11-CR-230-JEC-GGB

JUSTIN HOWARD

### SENTENCING MEMORANDUM

Comes now, the above-named defendant by and through undersigned counsel, and respectfully submits this memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

*Nature and Circumstances of the Offense*: In 2009, Justin Howard was laid off from his job at AT&T. Shortly thereafter, he experienced a difficult breakup from his girlfriend, Kelley Skinner. The two have a daughter, Emma Fay, who lives with Ms. Skinner. This new arrangement proved to be exceptionally emotionally stressful for Justin. Justin also began to feel the financial pressures of supporting himself and his daughter. Additionally, Justin's experimentation with drugs had intensified.

In the summer of 2010, Justin met Kristen Goduto, through a mutual friend. Jobless, desperate, and having learned that Goduto made her living passing forged prescriptions, Justin approached Goduto about doing some work for her. Goduto agreed to "show him the ropes." On March 23, 2011, Goduto drove Justin to three separate pharmacies where he made three failed attempts at passing Oxycodone prescriptions forged by Goduto. Justin made no further attempts to pass forged prescriptions. He was arrested a month and a half later on May 11, 2011.

*Family History*: Justin was born in Tampa, Florida on April 1, 1983 to Tom and Sharron Howard. After a divorce and lengthy custody battle, Justin's mother married Tom Regan, Justin's biological father. The two divorced when Justin was five and Justin had no contact with his biological father from that time on. In 1990 Justin, his younger sister, Ashley, and his mother

1

moved to Atlanta. Justin's mother worked long hours. Although he and his sister had a nanny, Justin often arrived home to an empty house. When Justin was twelve, he moved in with his adoptive father, William Howard, who had relocated to Atlanta. His mother remarried a few years later and had two additional daughters. William Howard also remarried. Justin did not have the best relationship with his stepmother and when he was sixteen, he moved in with his mother, stepfather and sisters.

*Education*: Justin attended Wheeler High School in Marietta, Georgia. After being told that he would not graduate on time due to failing grades, he dropped out of high school. Nevertheless, he obtained his General Equivalency Diploma in 2003 and enrolled at Young Harris College. After attending only one semester, Justin had to leave Young Harris to pursue full-time employment to support himself. He remains in good academic status at Young Harris and hopes to return and complete an undergraduate degree some day.

*Employment History*: With the exception of the period of time leading up to the instant matter, Justin has been gainfully employed since 2004. He is currently employed as a Deli Clerk with Publix Supermarket in Marietta, Georgia.

*Criminal History*: Justin has no juvenile adjudications, adult convictions, pending matters or arrests. He had approximately four traffic citations between 2000 and 2011 which were disposed of upon forfeiture of bond or payment of fine. His criminal history category is I and he has zero criminal history points in the guideline calculation.

*Character*: Justin has lived a life of neither exceptional privilege, nor extreme hardship. He has had experiences which are typical of teenagers and young adults of this day and age – unstable/non-traditional home life, drug experimentation, unexpected pregnancy, job loss, etc. As evidenced by his criminal history, Justin has no predilection toward crime. He, through circumstances of life, found himself in a desperate financial and emotional situation and made a terrible error in judgment in participating in a scheme that he believe would bring him some quick, easy money. The information contained herein, the information provided in the PSR,

together with the letters and testimonials that will be presented, establish that Justin is a good man with a good work ethic and a strong desire to support and provide for his family.

*Protect the Public from Further Crimes of this Defendant*: Justin has no history of antisocial or criminal behavior. To the contrary, he has been a hardworking man most of his adult life. He remains drug and alcohol free as evidenced in his probation officer's reports.

*Need for Educational/Vocational Training or Medical Care*: Justin has always been an intelligent and competent individual who performs well in any job situation. He is not in need of vocational training, but may benefit from a program which is geared towards the maintenance of his sobriety. Therefore, the need for educational/vocational training or medical care should not be a significant factor in the sentence the Court imposes.

*Non-Guideline Sentence*: The facts of this case are largely undisputed. Justin willingly participated in a scheme to pass prescriptions forged by Goduto. He did so with the intention of illegally obtaining Oxycodone pills, which Goduto later intended to sell. Justin entered the scheme late into its operation as a worker and only on the three failed attempts indicated in the PSR. He was attempting to pass the prescriptions to try to make a few bucks. The Guidelines, however, take no account that there was no intent by Justin to distribute the pills.

The Base Offense Level in this case 2D1.1(c) (9) is 22. Justin had no knowledge of how complex or far reaching Goduto's operation was or how much money she made. Based upon the foregoing, Justin will request a below Guideline Sentence.

*Cost of Incarceration/Supervised Release*: The PSR reflects the cost of incarceration to be $28,893.40 annually, while the cost of supervised release is only $3,433.00.

We respectfully submit that in appropriate cases, courts should consider reasonable alternatives to rigid guideline calculations mandating lengthy incarceration. We submit that Justin Howard is an exceptional case for the reasons set out above. We respectfully ask for the Court to impose a minimum sentence with constructive conditions to be adhered to while on supervised release.

Voluntary Surrender/Placement: We respectfully request that in the event of a sentence of incarceration is imposed, that Justin be allowed to surrender voluntarily upon notice from the BOP. We finally request that the Court Recommend placement near Atlanta and placement in the BOP's Substance Abuse Program.

Respectfully submitted this 29th day of April, 2013.

s/*Dennis C. O'Brien*
DENNIS C. O'BRIEN
Attorney for Justin Howard
State Bar No, 548488

248 Washington Avenue, NE
Marietta, GA 30060
770-424-6808
770-424-8904